IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
1999 SEP 20  PM 2: 34
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

SAMUEL MADURO CLASSEN,
et al.,

    Plaintiffs,

v.                                    CIVIL NO. 98-2335 (RLA)

SOUTHERN FLYER, INC.
et al.,

    Defendants.

## OMNIBUS ORDER

The following matters pending in these proceedings are hereby disposed of as follows.

### JOINT ISC MEMORANDUM

It appearing that defendants have been unable to retain local counsel after the demise of their former attorney,[1] and it further appearing that some preliminary matters need to be addressed in this case at this time, our Order instructing the parties to file a JOINT ISC MEMORANDUM is hereby **STAYED** until further Order of this Court.

### CLAIM AGAINST CODEFENDANT POOLE

According to the information submitted by codefendant SAMUEL E. POOLE, JR., there is no viable claim against him in his personal capacity in this action. His role in contracting the services of

---

[1] The letter subscribed by SAMUEL E. POOLE, JR. dated September 9, 1999 as well as all attachments thereto shall be **FILED** by the Clerk of the Court as a motion in this action. MR. POOLE is admonished to refrain from forwarding any correspondence to the undersigned. Rather, all future documents shall be filed as *pro se* motions in the case.

CIVIL NO. 98-2335 (RLA) Page 2

MR. MADURO in state court were exclusively as president of SOUTHERN FLYER, INC. and any potential judgment would have to be paid by the corporation not by him. MR. POOLE's intervention exclusively on behalf of the corporation is confirmed by plaintiffs' allegations in the complaint.

It appearing that there are no allegations in the complaint asserting an independent cause of action against MR. POOLE individually, unless plaintiffs show cause **no later than October 15, 1999** the claims asserted against codefendant MR. POOLE shall be dismissed.

**CLAIMS AGAINST SOUTHERN FLYER.**

MR. POOLE has submitted evidence tending to show that he did not sign nor enter into a contingent fee agreement with counsel MADURO. Accordingly, unless plaintiffs voluntarily dismiss this action or show cause **on or before October 15, 1999** the complaint shall be summarily dismissed.

MR. MADURO is admonished that in the event that he chooses to pursue this case and if in due course the imputations asserted by MR. POOLE are found to be true, this matter shall be referred for ethical investigation to both the federal and local courts.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17 day of September, 1999.

RAYMOND L. ACOSTA
United States District Judge